The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: **May 16, 2023**

**No. A-1-CA-40171**

**ROOF & METAL CO., LLC, a foreign corporation,**

Plaintiff/Counterdefendant-Appellee,

v.

**BOARD OF REGENTS OF NEW MEXICO STATE UNIVERSITY,**

Defendant/Counterplaintiff/
Cross-Claimant-Appellant,

and

**JOHNS MANVILLE, INC., a foreign corporation,**

Defendant,

and

**C. ORTIZ, CORP., a foreign corporation; and PHILADELPHIA INDEMNITY INSURANCE COMPANY, a foreign corporation,**

Cross-Defendants.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Ellen R. Jessen, District Court Judge**

Jackson Loman Stanford Downey & Stevens-Block, P.C.
Leah M. Stevens-Block
Kara Shair-Rosenfield
Albuquerque, NM

for Appellee

The Carrillo Law Firm, P.C.
Raúl A. Carrillo, Jr.
Fred K. Heinrich
Las Cruces, NM

for Appellant

**OPINION**

**WRAY, Judge.**

{1}    This matter arises from a breach of contract action involving Appellant, Board of Regents of New Mexico State University (NMSU), and Appellee Roof & Metal Co., LLC (Appellee). The district court denied NMSU's claim for sovereign immunity that was based on NMSA 1978, Section 37-1-23(A) (1976) ("Governmental entities are granted immunity from actions based on contract, except actions based on a valid written contract."). We granted NMSU's petition for writ of error (the Petition) to consider NMSU's representation that the contract was invalid, because Appellee violated or failed to comply with certain statutory requirements related to business formation, construction licensing, and public works contracts. *See Handmaker v. Henney*, 1999-NMSC-043, ¶ 9, 128 N.M. 328, 992 P.2d 879; *see also* Rule 12-503(B), (L) NMRA (addressing writs of error). With the benefit of the record and the parties' briefing, we hold that the underlying order is not appropriate for collateral review. We therefore quash the writ of error and remand for trial.

**BACKGROUND**

{2}    The record for this matter comes to us in seventeen volumes totaling nearly four thousand pages. We do not attempt to provide a full and complete history of this litigation and purposefully limit our presentation to those facts necessary to consider

the propriety and merits of the writ, which is an inherently narrow inquiry. *See Handmaker*, 1999-NMSC-043, ¶¶ 8, 10 (referring to the collateral order doctrine as a "limited exception" to the rules of finality); *Carrillo v. Rostro*, 1992-NMSC-054, ¶ 14, 114 N.M. 607, 845 P.2d 130 (noting that appellate-court jurisdiction is generally limited to final orders with "certain exceptions").

{3}     The contract in the present case (the Contract) identifies NMSU as the "Owner-Regents" and "The Roof & Metal Co." as the "Contractor." The parties dispute whether Appellee (Roof & Metal Co., LLC) and the Contractor (The Roof & Metal Co.) are the same entity, and we therefore refer to the entity that signed the Contract as "Contractor." NMSU and Contractor entered into the Contract for the reroofing of three campus buildings on June 8, 2018. The roofs for the first two buildings were completed without issue, but trouble arose regarding the parties' performance in relation to the roofing of the third building.

{4}     Appellee filed the complaint in the present case and asserted in relevant part that NMSU breached the Contract by failing to pay for the roofing work on the third building. NMSU filed counterclaims against Appellee for breach of the Contract for poor workmanship and successfully joined and asserted a cross-claim for breach of the Contract against C. Ortiz Corporation (Ortiz), which at the time, NMSU contended was an alter ego of Appellee and/or Contractor. In August 2021, after

2

more than eighteen months of litigation, the district court set trial for February 3, 2022.

{5}   On the stipulated dispositive motions deadline in December 2021, NMSU filed a voluminous motion to dismiss and for summary judgment (NMSU MSJ), with hundreds of pages of exhibits. The NMSU MSJ, in relevant part, argued that (1) Appellee was not a proper party based on business registration filings; (2) venue was improper, again based on the entity status of Appellee and the relationships among Appellee, Contractor, and other similarly-named entities; and (3) NMSU was justified in terminating the Contract. In early January 2022, NMSU filed an additional motion to dismiss, followed the next day by two addendum filings including nearly two hundred additional pages of exhibits. The district court set the hearing for these motions—and multiple other motions—for January 26, 2022.

{6}   On January 25, 2022, the day before the motion hearing and just days before the February 3, 2022 trial setting, NMSU filed a document titled, "Defendant Board of Regents Notice of Supplemental Authority Supporting Dismissal Pursuant to [Section] 37-1-23" (the Notice). It was in the Notice that NMSU first raised sovereign immunity, as well as a new argument addressing the validity of the Contractor's license and the familiar contentions about the identity of entities, public records, and real parties in interest. At the time the Notice was filed, Appellee and Ortiz had already filed their separate responses to the NMSU MSJ.

{7} NMSU's explanation for the late filing was the discovery "during trial preparation, [of] evidence of additional statutory and regulatory violations that render the contract the plaintiff party is suing on invalid." We observe, however, that more than a year before the Notice, NMSU indicated that it had reviewed corporate documents filed with the Secretary of State's Office in order to investigate the various business relationships.

{8} At the hearing, the district court found a valid written contract between Appellee and NMSU and denied NMSU's summary judgment motions. From this ruling, NMSU petitioned this Court for a writ of error, which we granted.

**DISCUSSION**

{9} To establish immunity from suit, NMSU relies on Section 37-1-23, which grants "[g]overnmental entities . . . immunity from actions based on contract, except actions based on a valid written contract." We agree with NMSU that "the issue of governmental immunity is jurisdictional in nature and that it may be raised at any time." *See Spray v. City of Albuquerque*, 1980-NMSC-028, ¶ 13, 94 N.M. 199, 608 P.2d 511. Nevertheless, "[i]t is of course firmly established that, subject to certain exceptions, [appellate courts have] no jurisdiction to review an order or decision that is not final." *Carrillo*, 1992-NMSC-054, ¶ 14; *see also* NMSA 1978, § 39-3-2 (1966) (requiring a final order in civil appeals from district court). NMSU has invoked such

4

an exception to this rule of finality—the collateral order doctrine. *See Carrillo*, 1992-NMSC-054, ¶ 17.

{10} We apply the collateral order doctrine only in limited circumstances, to "prevent the interruption of [district] court proceedings by any party claiming hardship because of postponement of review." *Handmaker*, 1999-NMSC-043, ¶ 10 (internal quotation marks and citation omitted). Our Supreme Court has long emphasized the importance of not permitting "unwarranted expansion of the 'small class' of cases in which the doctrine may be appropriately applied." *Carrillo*, 1992-NMSC-054, ¶¶ 23-24. If the collateral order doctrine is applied in too many contexts, "the benefits of the final-judgment rule will be lost; and piecemeal appeals—despite [our Supreme] Court's and most other courts' strong policy against them—will become the order of the day." *Id.* ¶ 23 (citation omitted).

{11} In this vein, Appellee contends that NMSU improperly utilized the collateral order doctrine to delay trial and asks this Court to quash the writ of error. In light of the full record, we agree. We hold that the circumstances underlying NMSU's request for immunity in the district court resulted in an order that is not appropriate for our review under the collateral order doctrine. We begin by considering the conditions that are appropriate for collateral review on appeal and the circumstances under which NMSU sought immunity.

{12} To fall within the collateral order doctrine exception, "an order must at a minimum satisfy three conditions," *id.* ¶ 16 (internal quotation marks and citation omitted), including that "(1) the order must finally determine the disputed question; (2) it must concern an issue that is entirely separate from the merits of the claim; and (3) there must be no effective remedy by appeal," *Handmaker*, 1999-NMSC-043, ¶ 9; *accord* Rule 12-503(E)(2). While the Petition for a writ of error in the presented case may have satisfied these three minimum conditions, requests for collateral review that arise from immunity under Section 37-1-23(A) involve additional considerations. Our Supreme Court has explained that

> even though determinations of sovereign immunity under Section 37-1-23(A) are generally subject to the collateral order doctrine, . . . the limited nature of immunity granted in Section 37-1-23(A) requires . . . scrutiniz[ation of] the specific factual context surrounding such determinations in order to determine whether issuance of a writ of error would be appropriate.

*Handmaker*, 1999-NMSC-043, ¶ 16. Considerations including "'delay, comparative expertise of trial and appellate courts, and wise use of appellate resources,'" *Salehpoor v. N.M. Inst. of Mining & Tech.*, 2019-NMCA-046, ¶ 24, 447 P.3d 1169 (quoting *Handmaker*, 1999-NMSC-043, ¶ 16), support "limiting collateral review to cases presenting abstract issues of law." *Id.* In the present case, these considerations undermine the suitability of collateral review to decide the issues raised in the Petition.

6

{13}     NMSU brought the Petition only days before trial, following two years of litigation—including a counterclaim and a cross-claim that NMSU brought on the Contract. While Section 37-1-23(A) affords immunity from suit and the burdens of trial on the merits, and not just liability, *see Handmaker*, 1999-NMSC-043, ¶ 14, NMSU effectively surrendered many of the benefits of immunity from suit by litigating the case for two years and raising the issue only days before trial. Ultimately, NMSU's asserted basis for immunity is a tangle of statutory requirements, corporate filings in two states, deposition testimony, and affidavits— all suggesting a fact-intensive argument that is best suited for trial. Raising the immunity issue at that late date delayed a looming trial at which the fact intensive issues would have been decided. We are particularly mindful that the evidence offered to support immunity was available from public sources long before NMSU filed the Notice. Proceeding to trial would have significantly reduced delays, decreased the likelihood of piecemeal appeals, and left to the district court matters that are better within its expertise.

{14}     While a petition for a writ of error is generally an appropriate mechanism to seek immediate review for denials of immunity under Section 37-1-23(A), a writ petition must apprise this Court of the complete and "specific factual context surrounding" the district court's denial of immunity. *See Handmaker*, 1999-NMSC-043, ¶ 16; *cf. Univ. of N.M. Police Officer's Ass'n v. Univ. of N.M.*, 2005-NMSC-

7

030, ¶¶ 18, 22, 138 N.M. 360, 120 P.3d 442 (holding that a public university was not immune under Section 37-1-23(A), but confining the analysis "to the compelling circumstances of [that] case"). This Court does not have the benefit of the record proper at the time we grant or deny a petition for a writ of error. *See* Rule 12-503(L). We rely on the parties to provide a full presentation of the information relevant to the propriety of the writ so that we may "ensure that review under the [collateral order] doctrine occurs only when justified." *See Handmaker*, 1999-NMSC-043, ¶ 10 (text only); *see also Campos de Suenos, Ltd. v. Cnty. of Bernalillo*, 2001-NMCA-043, ¶ 17, 130 N.M. 563, 28 P.3d 1104 (observing that this Court's "immediate review of immunity claims by writ of error is usually reserved for discrete legal issues that do not depend on extensive factual analysis for their resolution"). In that regard, Appellee did not take the opportunity to file a response to the Petition and apprise this Court of its view of the factual circumstances or legal arguments. *See* Rule 12-503(J).

{15}     The Petition described circumstances that suggested compelling reasons to grant collateral review of immunity. But the Petition did not reference the parties' seeming reliance on the Contract, the evolution of the immunity argument, the filing of a "notice" rather than a motion to assert immunity, the extensive litigation before the Notice, or the looming trial date. Without this information, this Court could not effectively evaluate the propriety of the collateral order exception in the context of

the circumstances of the entire case, including the needs of the parties and resources of the appellate court.

**CONCLUSION**

{16}     With all of these considerations in mind, we hold that the factual context and procedural posture of the present case supports denying collateral review. *Cf. Salehpoor*, 2019-NMCA-046, ¶ 25 (exercising discretion to decide the merits of an issue not appropriate for collateral review in part because "declining to review the issue at th[at] juncture would not advance the interests underlying the collateral order doctrine"). We therefore quash the writ of error and remand for trial.

{17}     **IT IS SO ORDERED.**


_____
                                        **KATHERINE A. WRAY, Judge**

**WE CONCUR:**


_____
**MEGAN P. DUFFY, Judge**


_____
**MICHAEL D. BUSTAMANTE, Judge,**
**retired, sitting by designation**